IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH CHAPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0675-WS-C |
| | ) |
| WESTERN EXPRESS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action comes before the Court on defendant Western Express, Inc.'s Motion to Dismiss (doc. 11). The Motion has been briefed and is now ripe for disposition. Several sets of subsidiary filings that the parties have couched as motions are also before the Court at this time.

**I. Nature of the Case.**

On December 6, 2010, plaintiff, Kenneth Chapman, proceeding *pro se*, filed a Complaint (doc. 1) in this District Court against Western Express and two other defendants.[1] The Complaint alleges that Chapman worked for Western Express as a driver between May and October 2008, when his employment was terminated. The Complaint further alleges that Chapman "learned in September 2010 that the Respondent informed potential employers that [he] was terminated because [he] used illegal drugs." (Doc. 1, at 1.) On the basis of these

---

[1] Chapman's *pro se* status entitles his pleadings to liberal construction, but does not excuse him from complying with the Federal Rules of Civil Procedure, the Local Rules, and court orders. *See, e.g., Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* party "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"); Local Rule 83.9(b). Chapman is cautioned that applicable procedural rules forbid this Court from "filling in the gaps," acting as his *de facto* lawyer, or rewriting his Complaint for him to correct any pleading deficiencies, merely because of his *pro se* status. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

allegations, Chapman contends that Western Express discriminated against him in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). No other claims or causes of action are joined in the Complaint, even under a deferential reading.

The wording of the Complaint closely tracks that of Chapman's underlying EEOC Charge of Discrimination (doc. 16, Exh. A) filed on or about November 8, 2010. In that Charge, plaintiff asserted that Western Express had terminated his employment because of his race (black) and age (47), and had provided false information to his prospective employers for the same discriminatory reasons. (*Id.*) The Charge also indicated that Western Express had engaged in discriminatory acts as early as October 1, 2008, and as recently as September 30, 2010. (*Id.*)

Western Express has filed a Motion to Dismiss plaintiff's claims against it in their entirety. Movant's sole asserted basis for seeking dismissal of plaintiff's Title VII and ADEA claims is that Chapman failed to file an EEOC Charge within 180 days of the complained-of conduct, such that his claims must be dismissed for failure to exhaust administrative remedies.[2]

---

[2] Western Express also seeks to dismiss any claims brought under the Americans with Disabilities Act ("ADA") and the Equal Pay Act ("EPA") on grounds of insufficient pleading and failure to exhaust (ADA claims) and lack of supporting allegations (EPA claims). But under no reasonable reading of the Complaint can it be construed as interposing distinct causes of action against Western Express under the ADA or EPA. The Complaint's sole reference to either theory is found in the following excerpt: "Hopefully [*sic*] with this charge it will educate some employers about their hiring standard's [*sic*]. And the awarness [*sic*] of Title VII, ADA and the Equal Pay Act. It hurt [*sic*] when people are diprived [*sic*] of their constiutinial [*sic*] rights." (Doc. 1, at 1.) Even under the deference to which *pro se* pleadings are entitled, this passage does not rationally set forth a claim against Western Express under the ADA or the Equal Pay Act. That Chapman desires to raise awareness about constitutional rights and various civil rights statutes does not mean that he is asserting claims against Western Express under all of those provisions. The Complaint does not suggest that Chapman is disabled within the meaning of the ADA or that he faced gender-based pay discrepancies actionable under the EPA. Given the mandate that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), Fed.R.Civ.P., the Court cannot find anything in Chapman's barebones Complaint that even purports to state a cause of action against Western Express under the ADA or the EPA. Those statutes are not part of the case at this time. Therefore, Western Express's Motion to Dismiss is **moot** insofar as it seeks dismissal of ADA and EPA claims that have not been joined in the Complaint. To the extent that Chapman may wish to bring claims against Western Express under the ADA and EPA, he must seek leave to amend his Complaint under Rule 15(a), and must attach a proposed pleading alleging sufficient facts under Rule 8 to state plausible claims under both of those statutes. As
(Continued)

**II.     Analysis of Motion to Dismiss.**

   **A.     *Legal Standard for Motion to Dismiss.***

Because this matter comes before the Court on a Rule 12(b)(6) motion, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged … in the complaint as true." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009); *see also Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) ("In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff."). That said, to withstand a motion to dismiss for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

   **B.     *Whether Plaintiff Timely Exhausted Administrative Remedies.***

It is black-letter law that a plaintiff may not sue under Title VII or the ADEA unless he first exhausts administrative remedies by filing a timely charge of discrimination with the appropriate agency (in this case, the EEOC). *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (Title VII); *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1263 (11th Cir. 2003) (ADEA). "In a non-deferral state such as Alabama, the deadline for filing is 180 days after the alleged discriminatory act." *Carter v. University of South Alabama Children's & Women's Hosp.*, 510 F. Supp.2d 596, 606 (S.D. Ala. 2007); *see also Tipp v. AmSouth Bank*, 76 F. Supp.2d 1315, 1327 (S.D. Ala. 1998) ("In Alabama, a non-deferral state, a plaintiff must file a Title VII discrimination charge with the EEOC within 180 days of the alleged violation."). "If the victim

---

things stand, however, this case appears to have nothing to do with disability discrimination (the subject of the ADA) or male-female compensation differentials (the subject of the EPA).

of an employer's unlawful employment practice does not file a timely complaint, the unlawful practice ceases to have legal significance, and the employer is entitled to treat the unlawful practice as if it were lawful." *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1102 (11th Cir. 2002); *see also Sheffield v. United Parcel Service, Inc.*, 2010 WL 4721613, *2 (11th Cir. Nov. 22, 2010) ("If a party fails to comply with the charge-filing requirement, he cannot assert a claim in court."); *Jordan v. City of Montgomery*, 2008 WL 2529573, *1 (11th Cir. June 26, 2008) ("Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge.").

The gravamen of Western Express's Motion is that the Complaint and EEOC Charge, when read together, show that Chapman did not file his EEOC Charge within 180 days after Western Express terminated his employment. As movant puts it, "Plaintiff did not file his EEOC Charge within 180 days from the date of the alleged discriminatory conduct, rather his EEOC Charge was not filed until over two years after" his discharge. (Doc. 12, at 3-4.) The Complaint and EEOC Charge confirm this timeline. Moreover, in his numerous filings submitted after the Motion to Dismiss, Chapman has failed to address in any way the timeliness of his EEOC Charge as to the discharge claim, much less show how the 180-day charge-filing requirement could possibly be satisfied when he is complaining of an alleged discriminatory firing that pre-dated his EEOC Charge by more than two years.

In short, Chapman was obliged to file his EEOC Charge not later than 180 days after his allegedly discriminatory discharge. He did not do so. As such, plaintiff's EEOC Charge was untimely with respect to his Title VII / ADEA discriminatory discharge claims, and those claims are properly **dismissed** for failure to exhaust administrative remedies.

Notwithstanding the foregoing, Western Express's Motion to Dismiss overlooks the fact that the Title VII and ADEA claims set forth in the Complaint are not limited to allegations of discriminatory discharge in October 2008. To the contrary, reading the Complaint and the Charge together, as Western Express urges the Court to do, it is clear that Chapman is also suing Western Express for providing false information to his prospective employers on the basis of his race and age. The Motion to Dismiss omits discussion of the discriminatory employment reference claims set forth in the Complaint, much less proffers any plausible argument that those causes of action are barred for failure to exhaust administrative remedies. Any failure-to-exhaust argument with respect to those claims would appear doomed on its face. After all, a reasonable

reading of the Complaint and EEOC Charge, construed liberally in light of plaintiff's *pro se* status, is that Chapman is alleging that Western Express provided discriminatory job references about him in or about September 2010. Chapman filed his EEOC Charge complaining of this same alleged wrongdoing in November 2010, obviously well within the 180-day period. In any event, because the Motion to Dismiss fails to account for Chapman's well-pleaded claims under Title VII and the ADEA for discriminatory dissemination of false information to his prospective employers, those claims survive Western Express's Rule 12(b)(6) challenge and will be allowed to proceed.[3]

### III.    Other Motions.

The filing of Western Express's Motion to Dismiss spurred the filing of more than a dozen other largely unnecessary submissions, most of them by Chapman. (*See* docs. 26-35, docs. 38-40, docs. 42-45.) The majority of these documents do not merit comment. Nonetheless, in deference to plaintiff's *pro se* status, the Court directs him as follows: When

---

[3] The Court will not endeavor to develop movant's arguments for it. As defendant has not articulated any reason why the race/age discrimination claims relating to false employment references in September 2010 fail as a matter of law, those claims will not be dismissed at this time. Nonetheless, it bears noting that federal courts around the country have recognized the viability of discrimination claims predicated on a former employer's furnishing of false or negative employment references. *See, e.g., Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 178-79 (2nd Cir. 2005) (employer's post-employment false statement that negatively affected plaintiff's chances of securing a job may be actionable as adverse employment action under Title VII); *Hillig v. Rumsfeld*, 381 F.3d 1028, 1033 (10th Cir. 2004) ("an act by an employer that does more than *de minimis* harm … to a plaintiff's future employment prospects can … be regarded as an adverse employment action" under Title VII); *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) ("Among those employment decisions that can constitute an adverse employment action are … dissemination of a negative employment reference …."); *Attaie v. Telex Communications, Inc.*, 2009 WL 5214875, *5 (D. Neb. Dec. 22, 2009) (negative employment references may constitute adverse employment action under Title VII if defendant disseminated false information that prospective employer would view as material to hiring decision); *McCauley v. Stanford University Medical Center*, 2009 WL 650359, *8 (N.D. Cal. Mar. 11, 2009) ("Dissemination of a negative employment reference can constitute an adverse employment action if motivated by discriminatory intent."); *Alexander v. Walmart Stores, Inc.*, 2008 WL 6044584, *5 (D. Colo. Nov. 17, 2008) ("Plaintiff has no evidence to show that Defendant took an adverse employment action (*i.e.* issued negative employment references to prospective employers) against Plaintiff."). It is thus far from obvious that Chapman's Title VII and ADEA claims alleging that Western Express provided false information to his prospective employers on the basis of his race and age are not cognizable as a matter of law.

plaintiff wishes to file a response to a pending motion, he must file – on or before the enumerated response deadline – a **single, consolidated document** (attaching any exhibits or legal memoranda that he deems appropriate) setting forth the factual, legal and procedural grounds for that response. He **must not** clog the record, as he has here, with a multitude of piecemeal filings addressing one aspect or another of that motion, then expect the Court to cobble together those fragmentary submissions into a unified whole. The same goes for any motion that Chapman might wish to file. The motion and any supporting brief or exhibits must all be submitted together, as a single filing. He does not help himself or this Court by filing numerous overlapping, disconnected and separate submissions on the same issue at the same time. ***Plaintiff is cautioned that failure to abide by this requirement in the future may result in his filings being stricken without prior notice for failure to abide by the orders of this Court and for needlessly multiplying these proceedings.***

The Motions buried amidst this avalanche of filings may be addressed quickly. In documents 27 and 28, Chapman purports to file "Motions not to Dismiss" his Complaint. In federal practice, it is unnecessary and unhelpful for a party opposing another party's motion to file a motion of his own asking that the other motion be denied; rather, the opposing party should simply file a "Response" setting forth the factual and legal grounds for its opposition. Therefore, the Motions not to Dismiss (docs. 27 and 28) are **moot**.

In document 29, Chapman purports to file a "Motion to Accept as Witness" a company called Southern Refrigeration Transportation. Although plaintiff is required to disclose witnesses at various times under applicable rules, it is unnecessary and procedurally improper for him to request that this Court "accept" a witness at this time, prior to trial and in the absence of any scheduled evidentiary hearings. The Motion to Accept as Witness (doc. 29) is **moot**.

Document 31 is Chapman's "Motion to Submit a Brief Summary of Complaint" (doc. 31). The Complaint is a matter of record. No separate summary need (or should) be filed. Also, plaintiff cannot supplement or expound on that Complaint by filing a new document styled as a "Brief Summary of Complaint." This Motion is **denied**. If plaintiff wishes to amend his Complaint to set forth additional facts, parties or legal claims, he must follow the specific procedure outlined in Rule 15(a)(2), Fed.R.Civ.P., by filing a motion for leave to amend and attaching as an exhibit a proposed amended complaint setting forth the entirety of the facts and causes of action he wishes to allege in his pleading, all in a manner that comports with Rule 8.

In document 34, plaintiff files what he calls a "Motion that the Court Holds the Hire Rite Consumer Consulting Department Accountable." That entity is not presently a defendant in this action, and plaintiff's filing is not sufficient to amend his pleadings. Therefore, this Motion is **denied**, subject to plaintiff's right to file an appropriate Rule 15(a)(2) motion to amend his Complaint to add this party as a defendant in the manner described above.

Documents 42, 43 and 45 appear to be plaintiff's "Motion Not to Strike Exhibits" filed in opposition to Western Express's motion to strike those same exhibits. As already stated, motions not to grant relief requested by an opposing party's motion are improper; therefore, these Motions are **moot**.

Western Express has also filed a pair of Motions to Strike (docs. 39, 40) various of plaintiff's filings. In its first Motion to Strike (doc. 39), Western Express asks that plaintiff's Response found at document 35 be stricken on the ground that it was filed one day after the Court-ordered deadline. Western Express neither alleges nor shows dilatory motive or prejudice caused by the one-day delay in plaintiff's filing of his Response. In its discretion, the Court will accept the *pro se* Response (doc. 35) as filed. The Motion to Strike (doc. 39) is **denied**. Western Express's second Motion to Strike (doc. 40) seeks to have stricken from the record all extrinsic matters submitted by Chapman as exhibits to documents 27, 28, 30, 32 and 34. The Court has not considered those extrinsic matters in ruling on the Motion to Dismiss.[4] Given that those materials were not considered in ruling on the Rule 12(b)(6) Motion, Western Express has not shown why the additional step of striking those items from the record is necessary to protect its interests. The second Motion to Strike (doc. 40) is therefore **denied**.

Finally, the Court observes that many of plaintiff's submissions are not in the proper format. In this regard, the Clerk's Office is **directed** to mail a copy of this District Court's *Pro Se* Litigant Guide to Chapman's address of record. Plaintiff is expected to be fully familiar and compliant with this Guide in all further proceedings in this case. For example, plaintiff is advised that any document he intends to file in this action must be in the form described in Section II of the *Pro Se* Litigant Guide. Thus, every document that he submits for filing must

---

[4] The Court's actions in this regard were in keeping with applicable law. *See, e.g., Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is limited to the four corners of the complaint.") (citation and internal quotation marks omitted).

include, at a minimum, the full caption of the lawsuit (*i.e.*, name of the court, title of the lawsuit, case number) and a heading designating the type of filing (*i.e.*, complaint, notice, motion, response, etc.). Additionally, all such filings must be signed by plaintiff and must include the information required by Rule 11(a) of the Federal Rules of Civil Procedure (including his mailing address, e-mail address and telephone number), must include a certificate of service as required by Rule 5(d), and must comply with the formatting requirements of Local Rule 5.1. *Plaintiff is cautioned that future filings that do not satisfy these requirements may be stricken without prior notice to him.*

IV. **Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1. Defendant Western Express, Inc.'s Motion to Dismiss (doc. 11) is **granted in part**, and **denied in part**. The Motion is **granted** as to plaintiff's Title VII and ADEA claims alleging discriminatory discharge, and those claims are **dismissed with prejudice**. The Motion to Dismiss is **denied** as to plaintiff's Title VII and ADEA claims alleging discriminatory dissemination of false information to prospective employers, and this action will proceed as to those claims against Western Express;

2. Western Express's Motion to Dismiss (doc. 11) is **moot** insofar as it seeks dismissal of ADA and EPA claims, inasmuch as the Complaint does not set forth any such causes of action;

3. Plaintiff's assorted motions found at documents 27, 28, 29, 42, 43 and 45 are **moot**;

4. Plaintiff's motions found at documents 31 and 34 are **denied**; and

5. Western Express's Motions to Strike (docs. 39, 40) are **denied**.

DONE and ORDERED this 28th day of February, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE